ORIGINAL

cv: 1182 paid

Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER 7559-0
American Savings Bank Tower
1001 Bishop Street, Suite 2925
Honolulu, Hawaii 96813
Telephone: (808) 536-2442
Facsimile: (808) 369-8281
Email: jeff@millershealaw.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 04 2015
at 1 o'clock and 56 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Henry Iida, Russell Young, Audrey Hidano, Thomas Toma, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Justin Kochi, Leonard Hoshijo and Garrett Takara; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Vince Nihipali, Sheri Mau, Mike Goodnight, Leonard Hoshijo, Kyle Chock, Justin Kochi, Ronald Taketa, Mitchell Tynanes, Sean Newcamp and Garrett Takara; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, James Watanabe, Paul Silen, Paul Sasaki, | CIVIL NO. CV 15 00298 KSC<br><br>COMPLAINT; EXHIBITS "A" – "C"; SUMMONS |

Jay Kadowaki, Sharon Thom, Roy Morioka, Kyle Chock, Garrett Takara, Sean Newcamp, Mitchell Tynanes, Justin Kochi, and David Samson; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Justin Izumi, Ken Kawamoto, Gerard Sakamoto, Bill Wilson, Lance Wilhelm, Leonard Hoshijo, Justin Kochi, Garrett Takara, Sean Newcamp, Kyle Chock, David Samson and Mitchell Tynanes; *Financial Security Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Wesley Mikuni, Alan Shintani, Eric Tessem, Kyle Chock, Ronald Taketa, Shayne Chung, Justin Kochi, Sean Newcamp and Garrett Takara; *Drywall Training Fund by its trustees* Vince Nihipali, Sr., Lito Alcantra, Bert Beaman, Mike Goodnight, Kevin Respecki, Sean Newcamp, Garrett Takara, Edmund Aczon, David Samson and Ivan Lay; *401-K Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Wesley Mikuni, Alan Shintani, Eric Tessem, Kyle Chock, Ronald Taketa, Shayne Chung, Justin Kochi, Shayne Chung, Sean Newcamp and Garrett Takara,

Plaintiffs,

vs.

BENITO G. ALCANTARA; JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE

PARTNERSHIPS 1-100; DOE
ENTITIES 1-100; DOE
GOVERNMENTAL UNITS 1-100,

Defendants.
)

COMPLAINT

Plaintiffs above named, by and through their counsel, Bushnell & Miller, and for a cause of action against Defendant BENITO G. ALCANTARA allege and aver as follows:

1. Plaintiffs identified above are the trustees of the Hawaii Carpenters Trust Funds, which include the Health & Welfare Trust Fund, Apprenticeship & Training Fund, Vacation & Holiday Fund, Market Recovery Program Fund, Financial Security Fund, Retiree Medical Fund and 401-K Fund (hereinafter referred to collectively as the "Trust Funds" or "Plaintiffs").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the MultiEmployers Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the

laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§186) and a multi-Employers employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. §§1002).

4. The Trust Funds are informed and believe, and thereon allege, that at all relevant times herein Defendant BENITO G. ALCANTARA was and is a resident of the City and County of Honolulu, State of Hawaii, and during all relevant times herein was employed by V& C Drywall Co., Group Builders, and Shioi Construction ("Employerss").

5. DOE DEFENDANTS are sued herein under fictitious names for the reason that their true names, identities and/or responsibilities to PLAINTIFFS are currently unknown except that they were in some manner involved in the conduct alleged herein and/or are somehow related to or in some manner responsible for the damages alleged herein by way of their negligence, breach of contract, breach of warranties, strict liability and/or other fault. Said DOE DEFENDANTS may include, but are not limited to, individuals and/or business entities, their principals, agents and/or employees who have dealt with

any of the named DEFENDANTS.

6. During all relevant times herein, EMPLOYERS had made, executed and delivered to the United Brotherhood of Carpenters & Joiners of America, Local 745, AFL-CIO, a Collective Bargaining Agreement ("CBA"). Under the terms of the CBA, EMPLOYERS promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by EMPLOYERS' covered employees. As part of the CBA, the Trust Funds would and did pay certain employee benefits to EMPLOYERS' covered employees and eligible dependents. A true and correct copy of the CBA is attached hereto as Exhibit "A." Attached hereto as Exhibit "B" are a true and correct copies of the Certification of Receipt and Acceptance for the CBA signed by the Employers.

7. During all relevant times herein, Defendant BENITO G. ALCANTARA was an employee of EMPLOYERS and eligible under the CBA as a participant for benefits from the Hawaii Carpenters Health & Welfare Fund. During all relevant times Defendant BENITO G. ALCANTARA and his former spouse, MayRose Alcantara, received benefits from the Hawaii Carpenters Health & Welfare Fund.

8. Pursuant to the rules and regulations of the Hawaii Carpenters Health & Welfare Fund, a participant's dependent is eligible for health coverage

under the plan. However, the rules and regulations provide that coverage for participant's spouse terminates upon the dissolution of the marriage (page 49 of the Summary Plan Description).

The rules and regulations also specifically state:

> "You must inform the Fund, in writing, if a dependent ceases to be eligible for benefits on or before the first day of the month following the month in which eligibility ceased. If you fail to inform the Fund of the dependent's ineligibility, and the plan makes payments for services to the ineligible dependent, you must reimburse the plan for the amount of such payments."

[Emphasis added.]

A true and correct copy of said Summary Plan Description is attached hereto as Exhibit "C."

9. On January 8, 2013, Defendant BENITO G. ALCANTARA informed the Trust Funds that he had divorced his then-spouse, MayRose Alcantara, and provided the Trust Funds with the divorce decree which confirmed that Defendant BENITO G. ALCANTARA's divorce was filed on May 12, 2003, over nine years before advising the Trust Funds of said divorce.

10. The Trust Funds subsequently investigated whether benefits had been paid to Defendant BENITO G. ALCANTARA ex-spouse after his May 12, 2003 divorce. On April 11, 2013, Defendant BENITO G. ALCANTARA was advised in writing that his ex-spouse, MayRose Alcantara, utilized the plan after

his divorce but before he notified the plan of the divorce during the period of June 2003 through January 2013. The total cost of benefits paid out on behalf of Defendant BENITO G. ALCANTARA's ex-spouse was $17,077.96.

11. The Trust Funds investigated whether Defendant BENITO G. ALCANTARA's ex-spouse had other medical coverage which could reimburse the Trust Funds for the benefits paid by it on behalf of Defendant BENITO G. ALCANTARA's ex-spouse. The Trust Funds were unable to locate any other medical coverage for MayRose Alcantara during the June 2003 through January 2013 period from which the Trust Funds might recover reimbursement for benefits paid during this period.

12. On September 5, 2013, the Trust Funds again requested Defendant BENITO G. ALCANTARA reimburse the Trust Funds in the amount of $17,077.96 which was paid on behalf of his ex-spouse during the period in which she was not eligible for benefits. Defendant BENITO G. ALCANTARA has refused to reimburse the Trust Funds for these expenses.

13. Based on the foregoing, the Trust Funds have been damaged in the amount of $17,077.96, plus interest, and such further amounts as may be proven at trial or hearing on proof.

14. It has been necessary for the Trust Funds to engage counsel for the purpose of collecting amounts owed to them and for reimbursement of benefits

paid, the Trust Funds are entitled to reasonable attorneys' fees and costs in connection therewith pursuant to the CBA and 29 U.S.C. §1132(g).

WHEREFORE, the Trust Funds pray for judgment against Defendants as follows:

(a) That the Trust Funds recover from Defendants the principal sum of $17,077.96 and such further amounts as may be proven at trial or hearing on proof.

(b) That the Trust Funds recover from Defendants such additional amounts as may, by proof, be shown to be due and owing at the time of trial or hearing on proof.

(c) That the Trust Funds recover from Defendants their costs of court, disbursements and reasonable attorneys' fees.

(d) That the Trust Funds have such further and additional relief as the Court deems just and proper.

DATED: August 4, 2015 at Honolulu, Hawaii.

JEFFREY P. MILLER
Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS